## PRAIRIE OIL & GAS CO. v. KIRKBRIDE.

No. 4394. Opinion Filed July 13, 1915.

(150 Pac. 709.)

APPEAL AND ERROR—Verdict—Evidence. Where the controlling issue in a cause is one of fact, and the same is submitted to the jury under approved instructions, the verdict, being supported by the evidence, will not be disturbed upon appeal to the Supreme Court.

(Syllabus by Galbraith, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by T. E. Kirkbride against the Prairie Oil & Gas Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*W. S. Kirkpatrick, George S. Ramsey,* and *Edgar A. De Meules,* for plaintiff in error.

*S. V. O'Hare* and *B. B. Wheeler,* for defendant in error.

Opinion by GALBRAITH, C. This was an action for the recovery of an amount claimed to be due for work and labor performed in connection with the drilling of an oil well. There was a trial to the court and a jury, and a verdict against the Prairie Oil & Gas Company in the sum of $1,100. To reverse the judgment, rendered upon this verdict, the appeal has been prosecuted to this court.

The issues as tried in the lower court have been narrowed down in the brief and argument in this court to one question, namely, whether or not the work and labor performed, for which compensation was claimed, was rendered under the written contract between the parties to the action. The contentions of the plaintiff in error, as set out in its brief, are as follows:

"It is the contention of the plaintiff in error, Prairie Oil & Gas Company, that from the undisputed evidence Kirkbride, the defendant in error, contracted to drill the well to a depth of 1,750 feet, for 70 cents per foot; that at 1,568 feet, or thereabouts, during the drilling of the well to its ultimate depth, Kirkbride encountered a bad hole, caused either by the natural formation of the earth or by loose, irregular, and negligent drilling on his part; that at that point, in an attempt to further proceed with his contract, it became necessary for him, without fault of the plaintiff in error, Prairie Oil & Gas Company, to overcome certain obstacles which stood in the way of per-

formance of his contract; that in attempting to do this he expended certain sums of money, and lost certain time, for which, under the terms of the ' written contract, the Prairie Oil & Gas Company was in no way responsible; that the total obligation of the Prairie Oil & Gas Company, under the terms of the written contract, was . to pay Kirkbride 70 cents per foot, which was done according to the undisputed testimony; that therefore there can be no liability in this case against the Prairie Oil & Gas Company."

While the contention of the defendant in error, as set out in his brief, is as follows:

"First, that the work for which this action was brought was not covered, embraced in, or contemplated by the written contract for the drilling of the well; second, that the extra expense and labor for which the defendant in error seeks to recover was occasioned by the fact that at a depth of approximately 1,568 feet he encountered a crevice or a crack in the wall of the well, and that this difficulty could have been obviated without any additional expense had he been permitted to have gone on and drilled through the crevice when he discovered it, but that he was prevented from doing this by the express directions and orders of the plaintiff in error; third, that the labor and expense sued for was occasioned by work done entirely outside of the original contract, and was done at the express instance and request of the plaintiff in error, and that the plaintiff is entitled to recover his reasonable compensation for such extra work; fourth, that the extra labor and expense sued for was in no way occasioned by the carelessness or neglect of the defendant in error, but was occasioned by the cracked formation of the earth at the point where they were drilling the well, and had the defendant in error been permitted by the plaintiff in error to use his judgment and proceed with the drilling, the extra labor and expense would not have been occasioned, and the plaintiff in error is liable for the same."

It is admitted that the Prairie Oil & Gas Company entered into a written contract with T. E. Kirkbride, the defendant in error, for the drilling of a well, and that that contract contained the following, among other, provisions:

"The said well, unless sooner abandoned by direction of the Prairie Company, is to be drilled to a depth of 1,750 feet, the consideration for which shall be 70c per foot.

"All fresh water shall be cased off with casing of a diameter of not less than 8¼ inches, and all salt water cased off with a casing of a diameter of not less than 6⅝ inches.

"The diameter of the well when completed shall not be less than 6⅝ inches.

"When the said well reaches the oil and gas bearing sand, the method of drilling through the same shall be under the direction of the Prairie Company, or its agent in charge of the farm or lease."

It is also admitted that Kirkbride drilled a well under the contract, and that the top of the oil-bearing sand was reached at a depth of about 1,568 feet, and that the well was drilled to that depth as an 8¼ inch hole; that under the contract when the top of the oil-bearing sand was reached, the method of drilling the well to completion—that is, in continuing the well through the oil-bearing sand—was to be under the directions of the plaintiff in error; that the top of the oil sand was reached on the 21st day of January, 1908, and then the field manager of the plaintiff in error directed the driller to drill through the oil sand with a 6⅝-inch hole; that when the top of the oil sand was reached a crevice or fault in the formation was discovered, and it was difficult, if not impossible, to case off the salt water which came into the casing; that

the driller insisted on continuing the well with the 8¼-inch hole through the oil-bearing sand, but the agent of the company prevented him from doing so, saying that the company desired the sand drilled through with the 6⅝-inch hole; that in the attempt to drill through in this manner some two months' time was consumed, and labor and expense incurred, without making any progress in the completion of the well, and finally, on April 7, 1908, the agent of the company directed the driller to proceed through the oil sand with the 8¼-inch hole, and that he did so, and the well was completed in some eight or ten hours thereafter; that the total depth of the well was 1,596 feet; that the account for drilling this depth at the contract price, 70 cents per foot, has been paid. This action was for work and labor performed between January 21, 1908, and April 7, 1908, while attempt was being made to complete the well through the oil-bearing sand with the 6⅝-inch hole.

The parties practically agree upon the law, the only controversy being as to a question of fact, that is, whose fault occasioned the extra labor and expense, for which the action is brought? The fact that on April 7, 1908, when consent was given to drill through the oil sand with an 8¼-inch hole, the well was completed within a few hours thereafter, tends strongly to support the contention of the defendant in error that the extra cost and expense was due to the fact that the plaintiff in error insisted on the oil sand being drilled with a 6⅝-inch hole. This, however, was not a question of law. If the work and labor for which this action was brought was properly within the terms of the written contract, there is no liability on the part of the plaintiff in error, but, if, on the other hand, this expense was unnecessary in the com-

pietion of the contract, and would not have been incurred except for the interference and direction of the company's agent, then the company was at fault, and is liable for the reasonable value of such extra service. This was essentially a question of fact for the determination of the jury. It seems to have been fairly submitted to the jury in the following instructions, which were not excepted to by either party:

"Instruction No. ——. The burden of proof in this case is upon the plaintiff to establish, by a preponderance of the evidence, the fact that the work performed by him and sued for in this case was not performed under the terms of the written contract entered into between the defendant and T. E: Kirkbride, and which has been introduced in evidence in this case."

"Instruction No. ——. Under the terms of the written contract in this case, it was the duty of the plaintiff to drill the well in controversy to the oil sand, and when the oil sand was reached, then said well and the method of drilling the same through the said sand was under the direction of the defendant's agents, but if you find from a preponderance of the evidence in this case that when the plaintiff reached the oil sand, the plaintiff, at the special instance and request of the defendant or its duly authorized agents, performed extra work in and about the drilling and completion of said well, which was not included in the written contract in evidence in this case, then in such case the plaintiff is entitled to recover the reasonable value of such extra work, provided the same has not been settled for or paid for."

The jury, by their verdict, necessarily found that the fault for incurring these additional expenses, for which the action was brought, was that of the plaintiff in error. This finding is supported by the evidence of defendant in error, and his son, who had charge of the drilling of the well. It is true that this testimony is controverted, but

we cannot weigh the evidence and assume the functions of the jury, the triers of the facts. There is evidence to support the verdict, and that makes it conclusive in this court. *Commercial Union Assur. Co. v. Wolfe,* 41 Okla. 342, 137 Pac. 704.

We therefore recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.